IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT L. SAVOIE, ET AL., INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PARTIES** | CIVIL ACTION NO. 2:24-CV-00340 |
| **Plaintiffs,** | |
| vs. | JUDGE JAMES D. CAIN, JR. |
| **OCCIDENTAL PETROLEUM CORPORATION, ANADARKO E&P ONSHORE LLC, UNION PACIFIC RESOURCES COMPANY, AND RELIABLE PRODUCTION SERVICE, INC.** | MAGISTRATE JUDGE THOMAS P. LEBLANC |
| **Defendants.** | |

**FIRST AMENDED AND RESTATED CLASS ACTION PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come the plaintiffs, who, while specifically denying that this Court has subject matter jurisdiction over this matter and expressly reserving their right to file a motion to remand this matter, file this First Amended and Restated Class Action Petition for Damages.

1.

The class action petition of ROBERT L. SAVOIE, a resident of Jefferson Davis Parish, FREDA GUIDRY, a resident of Cameron Parish, JEFFERY BOUDREAUX, a resident of Cameron Parish, BRENDA BOUDREAUX, a resident of Cameron Parish, LESLIE RUSSELL WELCH, a resident of Cameron Parish, YANCY WELCH, a resident of Cameron Parish,

BENJAMIN WELCH, JR., a resident of Cameron Parish, CHRIS LANDRY, a resident of Calcasieu Parish, and KIRK LANDRY, a resident of Calcasieu Parish, all appearing herein individually and designating ROBERT L. SAVOIE as representative of all persons, partnerships, corporations, and other entities similarly situated, having a common and undivided interest in the subject matter of this litigation, and individually, represents as follows.

2.

The above-named plaintiffs are all citizens of Louisiana and fully competent to bring this lawsuit.

3.

Named as defendants herein are:

a. OCCIDENTAL PETROLEUM CORPORATION, a foreign corporation that may be duly cited and served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802;

b. ANADARKO E&P ONSHORE LLC, individually and as the successor to UNION PACIFIC RESOURCES COMPANY, a foreign limited liability company licensed to do and doing business in Louisiana and that is a citizen of every state in which any member is a citizen, which may be duly cited and served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

c. RELIABLE PRODUCTION SERVICE, L.L.C., individually and as the successor to RELIABLE PRODUCTION SERVICE, INC. (collectively, "Reliable Production Service"), a Louisiana limited liability company that has one or more members who are citizens of Louisiana, which may be duly cited and served through its registered agent for service of process, James L. Moore, 1090 Cinclare Drive, Port Allen, LA 70767;

d. HILCORP ENERGY COMPANY, a foreign corporation having its principal place of business in Texas, which may be duly cited and served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

e. TEXAS PETROLEUM INVESTMENT COMPANY, a foreign corporation with its principal place of business in Texas, which may be duly cited and served through its registered agent, Patrick S. Ottinger, 1313 W. Pinhook Road, Lafayette, LA 70503;

    f.  PIONEER EXPLORATION, LLC, a foreign limited liability company that, upon information and belief, has one or more members who are citizens of Texas, which may be duly cited and served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816; and

    g.  PRAYER OIL & GAS PRODUCTION, LLC, a foreign limited liability company that, upon information and belief, has one or more members who are citizens of Texas, which may be duly cited and served through its registered agent for service of process, Incorp Services, Inc., 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

4.

The plaintiffs herein, individually and on behalf of the class they represent, seek damages as a result of the imprudent operation of the Theriot Well No. 1, Serial No. 219459 (the "Theriot Well"), in the Kings Bayou Field, Section 27, Township 14 South, Range 7 West, Cameron Parish, Louisiana.

5.

As shown below, the well in question was imprudently operated by the defendants, their predecessors in interest, or other parties for whom the defendants are responsible.

6.

The Theriot Well was initially completed in December of 1996 by Union Pacific Resources with perforations between 11,573 feet to 11,600 feet below the surface.

7.

Thereafter, on December 17, 1996, Union Pacific Resources invoked a hearing before the Louisiana Office of Conservation that resulted in the issuance of a unit order (No. 638-F-6) establishing a 307-acre geologic unit for the well.

8.

The unit established by Order No. 638-F-6 was configured as shown:



9.

The Theriot Well was designated as the unit well. Thereafter, the well produced paying quantities of gas until on or about September 2005.

10.

In or around August of 2006, the operator of the Theriot Well (defendant Hilcorp Energy Company) attempted to recomplete the well to restore production. The operator hired Reliable Production Service to perform certain work in connection with this workover.

11.

As evidenced by public records available from the Office of Conservation, Reliable Production Service performed work on the Theriot Well on or around September 1, 2006. *See* La. Office of Conservation Well History and Work Resume Report, dated September 21, 2006 (attached as **Ex. A**).

12.

During this work in 2006, Reliable Production Service caused certain tools and the wireline to become irretrievably stuck in the Theriot Well. As a result, Reliable Production Service had to kill the well by pumping over 500 barrels of mud down the tubing and casing. The well was shut-in shortly thereafter.

13.

The Theriot Well has remained shut-in ever since. In other words, the well has not produced oil or gas since this work was performed on the well in 2006.

14.

Reliable Production Service acted negligently in carrying out its work on the well in 2006, which contributed to its premature flooding out and/or contributed to rendering voluminous amounts of oil and gas unrecoverable.

15.

Within a few months of the filing of this lawsuit, the plaintiffs obtained information that the Theriot Well wasn't properly sealed during its operation and that this permitted extraneous water from adjacent zones to invade the productive oil and gas zones. They also have reason to believe that this failure to seal the well was the result of the operators' failure to follow generally recommended and standard industry practices for cementing wells, the purpose of which is to

isolate the producing zone from adjacent water zones. They also have reason to believe that the operators failed to follow generally recommended and standard industry practices in identifying the source of the water invading the well so that remedial measures, such as a cement squeeze or a plug back, could be undertaken to stop the leak.

16.

As a result, extraneous water flooded the producing reservoir and killed the well. This rendered the remaining oil and gas in the reservoir unrecoverable. In turn, this deprived all of the class members having an interest in the unit to lose royalties they otherwise would have received had the well been properly drilled, managed, operated, and produced. On information and belief, the plaintiffs' damages exceed several million dollars.

17.

The plaintiffs are not sophisticated about oil and gas operations. Thus, they could not be expected to discover or understand the defendants' failures or how those failures caused or contributed to the damages the plaintiffs have suffered.

18.

The plaintiffs did not know, and could not reasonably be expected to know, that they had a legal claim against the defendants until less than a year before the filing of this lawsuit. More specifically, the plaintiffs did not know (and had no reason to know) of any potential problems with the manner in which the defendants drilled, cemented, equipped, or operated the Theriot Well, or that the defendants' activities caused them damage, until less than a year before the filing of this lawsuit.

19.

The manner in which the defendants drilled, cemented, equipped, and operated the Theriot Well was negligent, unworkmanlike, and imprudent. The defendants' conduct also failed to conform to industry standards and best practices and violated contractual and legal obligations that the defendants owed to the plaintiffs.

20.

The defendants (excluding Reliable Production Service), as the operators and successors in interest to the operators, are responsible for the imprudent operation of the Theriot Well in violation of LA. R.S. 31:122 (Mineral Code article 122). In addition, Reliable Production Services was independently negligent in its work on the well, which contributed to the premature flooding out of the well and/or contributed to rendering voluminous amounts of oil and gas unrecoverable.

21.

Had the Theriot Well been drilled, cemented, equipped, and operated in a prudent and non-negligent manner, it would have continued to produce large amounts of oil and gas.

22.

The duty of a mineral lessee to operate prudently and in the mutual interest of the landowner is implied in every oil and gas lease in Louisiana as a matter of law. *E.g., Rainbow Gun Club v. Denbury Res., Inc.,* 247 So.3d 844, 847-48 (La. App. 3rd Cir. 2018), and authorities cited therein.

23.

The measure of damages for breaching the duty of prudent operation is the amount of money it will take to restore the victims of the breach to the condition they would be in had the breach not occurred. *See* LA. CIV. CODE art. 1995; *Corbello Iowa Prod.,* 850 So.2d 686, 695 (La.

2003); *Amoco Prod. Co. v. Texaco, Inc.,* 838 So.2d 831, 827 (La. App. 3rd Cir.), *writ denied,* 845 So.2d 1096 (La. 2003).

24.

As a matter of law, the defendants are solidarily liable to the plaintiffs for all damages at issue in this lawsuit.

25.

Alternatively, and additionally, the defendants negligently failed to warn the plaintiffs of the dangers and risks caused by the faulty well casing and/or failure to properly seal and cement the well that ultimately caused the damages to the underground reservoirs and/or caused the Theriot Well to prematurely quit producing oil and gas.

26.

Alternatively, and additionally, the defendants' actions and/or inactions caused physical damage to the plaintiffs' property and the underground reservoirs beneath their property. The defendants' actions and/or inactions also damaged the plaintiffs' rights to produce minerals from the reservoirs. Thus, the value of the plaintiffs' rights in those reservoirs was diminished by the actions and/or inactions of the defendants.

27.

The initial list of participants in the unit at the time it was formed was as follows:

| OWNERSHIP | TRACT NO. | AREA IN ACRES | PERCENTAGE OF UNIT |
|---|---|---|---|
| HAZEL RICHARD SAVOIE | 1 | 0.026 | 0.0084887 |
| WAYNE B. MONTIE, ET AL | 2 | 7.623 | 2.4888340 |
| ROSE B. MONTIE, ET AL | 3 | 9.583 | 3.1287546 |
| IRA M. THERIOT, ET AL | 4 | 15.996 | 5.2225357 |
| RODNEY A. DYSON, ET AL | 5 | 14.674 | 4.7909157 |
| DAVID STURLESE, ET AL | 6 | 9.039 | 2.9511440 |
| DAVID D. VINCENT, ET AL | 7 | 2.056 | 0.6712636 |
| GERALD MOUTON, ET AL | 8 | 2.012 | 0.6568981 |
| JOSEPH A. NUNEZ, ET UX | 9 | 1.498 | 0.4890822 |
| BARBARA D. BONSALL | 10 | 0.773 | 0.2523768 |
| INEZ T. BONSALL, ET AL | 11 | 3.981 | 1.2997571 |
| FRANCIS O. THERIOT, ET AL | 12 | 3.257 | 1.0633783 |
| RODNEY A. DYSON, ET AL | 13 | 2.028 | 0.6621219 |
| IRA M. THERIOT, ET AL | 14 | 0.215 | 0.0701954 |
| HAZEL RICHARD SAVOIE | 15 | 1.524 | 0.4975709 |
| JOHN H. MONTIE OR MRS. ANASTASIE MONTIE | 16 | 0.005 | 0.0016326 |
| ELLEN THERIOT FAWVOR | 17 | 0.187 | 0.0610536 |
| WAYNE B. MONTIE, ET AL | 18 | 2.087 | 0.6813848 |
| IRA M. THERIOT, ET AL | 19 | 22.638 | 7.3910829 |
| JOSEPH M. THERIOT, ET AL | 20 | 22.638 | 7.3910829 |
| FRANCIS O. THERIOT, ET AL | 21 | 22.639 | 7.3914094 |
| DAVID D. VINCENT, ET AL | 22 | 5.660 | 1.8479340 |
| GERALD MOUTON, ET AL | 23 | 5.660 | 1.8479340 |
| JOSEPH A. NUNEZ, ET UX | 24 | 5.660 | 1.8479340 |
| BARBARA D. BONSALL | 25 | 5.660 | 1.8479340 |
| INEZ T. BONSALL, ET AL | 26 | 19.811 | 6.4680954 |
| DAVID D. VINCENT, ET AL | 27 | 5.663 | 1.8489134 |
| GERALD MOUTON, ET AL | 28 | 5.663 | 1.8489134 |
| JOSEPH A. NUNEZ, ET AL | 29 | 5.663 | 1.8489134 |
| BARBARA D. BONSALL | 30 | 5.663 | 1.8489134 |
| IRA M. THERIOT, ET AL | 31 | 22.553 | 7.3633312 |
| JACQUELINE R. JOHNSON, ET AL | 32 | 5.439 | 1.7757797 |
| BENJAMIN C. WELCH, SR., ET AL | 33 | 9.249 | 3.0197069 |
| JOHN BRENT MEAUX, ET AL | 34 | 47.580 | 15.5343990 |
| MADGE M. REINA, ET AL | 35 | 10.743 | 3.5074833 |
| JOHN BRENT MEAUX, ET AL | 36 | 1.081 | 0.3529358 |
| JOHN BRENT MEAUX, ET AL | 37 | 0.061 | 0.0199159 |
| TOTALS | | 306.288 | 100.0000000 |

28.

Taking into account the "et al." participants, as well as the successors and assigns of the original lessors and royalty owners, the numerosity requirements for a class action under article 591 of the Code of Civil Procedure are satisfied. Membership in the class is so numerous as to make it impractical to bring all class members before this Court as plaintiffs.

29.

In addition, there are issues of fact and law that are common to all of the members of the plaintiff class that will control this litigation and that will predominate over any individual issues. The plaintiffs bring this class action to recover the lost royalties that they otherwise would have received had the well been properly managed and operated.

30.

The claims of the plaintiff class representatives are typical of the claims of the class, and the plaintiffs have no interest adverse to the interests of other members of the class. The plaintiffs will fairly and adequately protect the interests of the class and have retained counsel experienced and competent in this litigation.

31.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, the expense of individual actions makes proceeding outside a class impractical, leaving those affected without a realistic remedy.

32.

This class action will cause an orderly and expeditious administration of class claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be insured. All claims can be resolved in a single proceeding. This would eliminate the potential for multiple lawsuits arising from the same transaction or occurrence, and thus serve judicial economy.

33.

This class action should present no difficulty that would impede its management by the Court as a class action. It is the best available means by which plaintiffs can seek redress for the harm caused to them by the defendants.

34.

The plaintiffs bring this action individually and on behalf of all parties similarly situated and seek certification of the following plaintiff class: All persons, natural and/or juridical, who possessed an interest in the unit created pursuant to unit order No. 638-F-6 establishing a 307-acre geologic unit for the Theriot Well at the time it was drilled and operated.

ACCORDINGLY, the plaintiffs herein ask that:

I. The defendants named herein be duly cited and served with a certified copy of this petition and be made to respond thereto in the manner and form required by law;

II. The plaintiffs be recognized as class representatives and entitled to represent the class of parties holding an interest in the unit associated with the Theriot Well described above;

III. The class of those parties be duly certified in accordance with law;

IV. Undersigned counsel be approved as Class Counsel in due course and as permitted by law;

V. After due proceedings, there be judgment herein in favor of the plaintiffs and against the defendants, in *solido*, for all past and future damages sustained because of the defendants' imprudent operations associated with the Theriot Well, breaches of contract, and other violations of their contractual and legal duties owed to the plaintiffs;

VI. The plaintiffs be granted legal interest in accordance with the law; and

VII. They be granted such additional relief as authorized by article 862 of the Code of Civil Procedure and other pertinent provisions of law, including reasonable

attorney's fees, litigation expenses, court costs, and legal interest to the full extent permitted by law.

                        Respectfully submitted,

                        _s/ J. Michael Veron__
                        J. MICHAEL VERON (#07570)
                        mike@veronbice.com
                        TURNER D. BRUMBY (#33519)
                        turner@veronbice.com
                        SHAYNA L. SONNIER (#29678)
                        shayna@veronbice.com
                        PEYTON F. PAWLICKI (#37826)
                        peyton@veronbice.com
                        GAGE M. STEWART (#40523)
                        gage@veronbice.com
                        VERON BICE, LLC
                        P.O. Box 2125
                        Lake Charles, LA 70602-2125
                        Telephone: (337) 310-1600
                        Telecopier: (337) 310-1601

                        JODY LAVERGNE (#27546)
                        jody@stuteslaw.com
                        STUTES & LAVERGNE
                        600 Broad Street
                        Lake Charles, LA 70601
                        (337) 433-0022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 1st day of April, 2024, I electronically filed the foregoing **FIRST AMENDED AND RESTATED CLASS ACTION PETITION FOR DAMAGES** with the Clerk of Court in the United States District Court, for the Western District of Louisiana, Lake Charles Division, using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

   s / J. Michael Veron      
J. Michael Veron
