UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT SAVOIE, ET AL.** : **CIVIL ACTION NO. 2:24-cv-00340**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**OCCIDENTAL PETROLEUM CORP, ET AL.** : **MAGISTRATE JUDGE LEBLANC**

**NOTICE AND ORDER**

The court now examines subject matter jurisdiction in this case *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). This case was removed into federal court based on diversity of citizenship under 28 U.S.C. § 1332. Doc. 1. Cases arising under § 1332 require complete diversity. *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Here, defendant Anadarko E&P Onshore LLC ("AEPO") filed a Notice of Removal [doc. 1] into the record. After review of the document, the undersigned finds that it appears AEPO has failed to adequately allege its citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. AEPO seemingly has failed to properly allege citizenship of one of its member's members, specifically OXY USA WTP LP.

For diversity purposes, a limited liability company's citizenship is determined by the citizenship of all its members, with its state of incorporation and principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). If the members

themselves are limited liability companies or other entities, "their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Rodidaco, Inc. v. Chesapeake Energy La. Corp.*, No. 18-cv-0316, 2018 WL 3551525 at *1 (W.D. La. July 24, 2018). Jurisdictional facts, such as citizenship, must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C § 1653; *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 68 (5th Cir. 2010) (ordering defendants to amend the notice of removal with correct citizenship allegations).

AEPO informed the court that it "is a Delaware limited liability company whose sole member is Anadarko Consolidated Holdings LLC. Anadarko Consolidated Holdings LLC is a Delaware limited liability company whose sole member is OXY USA WTP LP. OXY USA WTP LP is a Delaware limited partnership whose sole partner is Occidental Permian Manager LLC." Doc. 1, p. 5, ¶ 13. Under the laws of the State of Delaware, a limited partnership is a partnership "formed under the laws of the State of Delaware consisting of 2 or more persons and having 1 or more general partners and 1 or more limited partners, and includes, for all purposes of the laws of the State of Delaware, a limited liability limited partnership." Del. Code tit. 6, § 17-101(11). Additionally, "[a] limited liability partnership is for all purposes a partnership." *Id.* at § 15-202(a). For diversity purposes, a partnership's citizenship is determined by the citizenship of all its partners, whether limited or general, with the partnership's state of incorporation and principal place of business being irrelevant. *Harvey*, 542 F.3d at 1077.

AEPO properly alleges citizenship for only one partner of OXY USA WTP LP. Doc. 1, p. 5, ¶ 13. As Delaware law directs there must be another partner(s), AEPO must amend its allegation

to properly allege the citizenship of all partners of OXY USA WTP LP, a limited partnership. Accordingly,

**IT IS ORDERED** that, within **ten (10) days** of this order, Anadarko E&P Onshore LLC is to amend its Diversity Jurisdiction Disclosure Statement [doc. 5] to use the proper method of alleging its citizenship, i.e., the citizenship of all its members and partners of those members, in accordance with the foregoing discussion. If, in fact, OXY USA WTP LP has only one partner, AEPO must submit a sworn statement certifying such fact.

**THUS DONE AND SIGNED** in chambers this 20th day of December, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**